1     Lori J. Sklar (SBN 170218)
       SKLAR LAW OFFICES
2     2234 Sherwood Court
       Minnetonka, Minnesota 55305
3     E-mail:        lsklar@lorisklar.com
       Telephone:     (952) 546-1051
4     Facsimile:     (952) 516-5353

5     Additional Counsel Listed on Signature Page

6     Attorneys for Plaintiffs
       BRIAN HEISLER and JEFF GOLSTEIN
7

8     Nancy L. Stagg (SBN 157034)
       FISH & RICHARDSON P.C.
       12390 El Camino Real
9     San Diego, California 92130
       E-mail:        Stagg@fr.com
10    Telephone:     (858) 678-4735
       Facsimile:     (858) 678-5099
11

       Additional Counsel Listed on Signature Page
12

       Attorneys for Defendant
13    MAXTOR CORPORATION

14

15                  **UNITED STATES DISTRICT COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

17                     **SAN JOSE DIVISION**

18

19    BRIAN HEISLER and JEFF GOLSTEIN, on     Case No. C06-6634-JF (PVT)
       behalf of themselves and all others similarly
20    situated,                            **JOINT STIPULATION OF THE PARTIES**
                                        **AND            PROTECTIVE**
21                Plaintiffs,                 **ORDER GOVERNING THE PRE-TRIAL**
                                        **HANDLING OF CONFIDENTIAL**
22             v.                       **MATERIAL** AS MODIFIED BY THE COURT

23    MAXTOR CORPORATION, a Delaware           **The Honorable Jeremy Fogel**
       corporation,
24                                     **The Honorable Patricia V. Trumbull**
               Defendant.
25

26

27

28

---

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING PRETRIAL HANDLING OF CONFIDENTIAL MATERIAL
Case No. C06-6634-JF (PVT)

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     **DEFINITIONS**

2.1     Party:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4     "Highly Confidential–Attorneys' Eyes Only" Information or Items:  Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Information that may be designated as "Highly Confidential–Attorneys' Eyes Only" include:

(a)     advertisements and marketing communications (or plans for advertisements and marketing communications) that have not been disseminated to the public as of the time of

1

production; market research which has not been shared with any person or entity outside the Party or non-party producing the marketing research;

        (b)    business plans concerning the years 2007 or beyond;

        (c)    commercial information (including, without limitation, negotiations, vendor, supply, and other contracts and license agreements) constituting highly sensitive material that competitors would consider highly valuable;

        (d)    financial information (including, for example, budgeting, account, sales figures, and advertising expenditures);

        (e)    business-relationship information (including, for example, information pertaining to existing or potential customers (including the personal identifying information of consumers), competitors, suppliers, distributors, affiliates, subsidiaries, parents, wholesalers, and retailers);

        (f)    computer software applications, including (but not limited to) source code;

        (g)    research and development in which a party has invested significant resources and wishes to shield from competitors;

        (h)    personnel information (including, for example, compensation, evaluations, and other employment information) maintained as confidential for employee-privacy reasons;

        (i)    highly sensitive proprietary business methods (including, for example, quality-control specifications, product or service specifications, and fulfillment specifications); and

        (j)    information produced by non-parties to this action residing in other judicial districts which have been designated "Confidential" or "Highly Confidential–Attorneys' Eyes Only" pursuant to a protective order entered in the judicial district in which the producing non-party resides, to protect that non-party's rights with respect to its confidential information.

    2.5    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6    <u>Producing Party</u>:  A Party or non-party that produces Disclosure or Discovery Material in this action.

2

2.7.   Designating Party:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential–Attorneys' Eyes Only."

2.8   Protected Material:  Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential–Attorneys' Eyes Only."

2.9.   Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel:  Attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  At the conclusion of this case, the United States District Court for the Northern

3

1  District of California shall retain jurisdiction of this action, the Parties, non-parties, their attorneys,

2  and all other persons to whom Protected Material has been disclosed for the purpose of enforcing

3  the terms of this Stipulated Protective Order or for the purpose of redressing any violation thereof.

4  Should this case (or an issue relating to a non-party) be transferred to another district, that court

5  shall be the venue where this Protective Order shall be enforced.

6  ## 5. DESIGNATING PROTECTED MATERIAL

7  5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

8  or non-party that designates information or items for protection under this Order must take care to

9  limit any such designation to specific material that qualifies under the appropriate standards. A

10 Designating Party must take care to designate for protection only those parts of material,

11 documents, items, or oral or written communications that qualify – so that other portions of the

12 material, documents, items, or communications for which protection is not warranted are not

13 swept unjustifiably within the ambit of this Order.

14 Mass, indiscriminate, or routinized designations are prohibited. Designations that are

15 shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

16 unnecessarily encumber or retard the case development process, or to impose unnecessary

17 expenses and burdens on other parties), expose the Designating Party to sanctions.

18 If it comes to a Party's or a non-party's attention that information or items that it

19 designated for protection do not qualify for protection at all, or do not qualify for the level of

20 protection initially asserted, that Party or non-party must promptly notify all other parties that it is

21 withdrawing the mistaken designation.

22 5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

23 (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

24 material that qualifies for protection under this Order must be clearly so designated before the

25 material is disclosed or produced.

26 Designation in conformity with this Order requires:

27        (a)    for information in documentary form (apart from transcripts of depositions

28 or other pretrial or trial proceedings), that the Producing Party affix the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify

5

1   the specific portions of the testimony as to which protection is sought and to specify the level of

2   protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS'

3   EYES ONLY"). Only those portions of the testimony that are appropriately designated for

4   protection within the 20 days shall be covered by the provisions of this Stipulated Protective

5   Order.

6          Portions of a deposition that may reveal Protected Material (whether because it is

7   presented or the subject of inquiry at a deposition or because Counsel for either Party designates

8   an answer to a question or line of question to be "Confidential" or "Highly Confidential–

9   Attorneys' Eyes Only") shall be conducted so that only those persons authorized under section 7.2

10  or section 7.3 below to have access to the Protected Material are present.

11          Transcript pages containing Protected Material must be separately bound by the

12  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

13  "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," as instructed by the Party or non-

14  party offering or sponsoring the witness or presenting the testimony.

15          (c)     for information produced in some form other than documentary, and for any

16  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

17  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

18  or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY." If only portions of the

19  information or item warrant protection, the Producing Party, to the extent practicable, shall

20  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

21  Confidential–Attorneys' Eyes Only."

                                                                                   PVT
22  ~~5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to~~

23  designate qualified information or items as "Confidential" or "Highly Confidential–Attorneys'

24  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

25  under this Order for such material. If material is appropriately designated as "Confidential" or

26  "Highly Confidential–Attorneys' Eyes Only" after the material was initially produced, the

27  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

28  ~~that the material is treated in accordance with the provisions of this Order.~~

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING PRETRIAL HANDLING OF CONFIDENTIAL MATERIAL
Case No. C06-6634-JF (PVT)

1    6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

2    6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

3    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

5    waive its right to challenge a confidentiality designation by electing not to mount a challenge

6    promptly after the original designation is disclosed.

7    6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating

8    Party's confidentiality designation must do so in good faith and must begin the process by

9    conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient)

10    with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

11    for its belief that the confidentiality designation was not proper and must give the Designating

12    Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

13    change in designation is offered, to explain the basis for the chosen designation. A challenging

14    Party may proceed to the next stage of the challenge process only if it has engaged in this meet

15    and confer process first.

16    6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality

17    designation after considering the justification offered by the Designating Party may file and serve

18    a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

19    that identifies the challenged material and sets forth in detail the basis for the challenge. Each

20    such motion must be accompanied by a competent declaration that affirms that the movant has

21    complied with the meet and confer requirements imposed in the preceding paragraph and that sets

22    forth with specificity the justification for the confidentiality designation that was given by the

23    Designating Party in the meet and confer dialogue.

24    The burden of persuasion in any such challenge proceeding shall be on the Designating

25    Party. Until the court rules on the challenge, all parties shall continue to afford the material in

26    question the level of protection to which it is entitled under the Producing Party's designation.

27    7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

28    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

7

produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to

8

anyone except as permitted under this Stipulated Protective Order.

          (g)     the author of the document or the original source of the information.

    7.3    Disclosure of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to:

          (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

          (b)     House Counsel of a Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

          (c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

          (d)     the Court and its personnel;

          (e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

          (f)     the author of the document or the original source of the information.

    7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items to "Experts."

          (a)     Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES

1   ONLY" first must make a written disclosure to the Designating Party fourteen (14) days prior to

2   the first contemplated disclosure of such information to the Expert that: (1) identifies that the

3   Receiving Party seeks permission to disclose HIGHLY CONFIDENTIAL information to the

4   Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary

5   residence; (3) attaches a copy of the Expert's current résumé; to the extent the Expert's current

6   résumé does not provide information sufficient to identify any full or part-time employment,

7   consulting, or other work for hire performed by the Expert for compensation ("work history") for

8   the four (4) year period preceding the date of the first contemplated disclosure of HIGHLY

9   CONFIDENTIAL information in this case, the Receiving Party shall provide such additional

10   information regarding the Expert's work history for this four-year period to the Designating Party;

11   (4) attaches a true and correct copy of the "Agreement to Be Bound by Protective Order" (Exhibit

12   A), executed by the Expert; and (5) identifies the date on which the proposed disclosure of

13   HIGHLY CONFIDENTIAL information in this case to the Expert is to take place.

14              (b)      A Party that makes the disclosure and provides the information specified in

15   the preceding paragraph may disclose the subject Protected Material to the identified Expert

16   unless, within fourteen (14) days of delivering the request, the Party receives a written objection

17   from the Designating Party. Any such objection must set forth in detail the grounds on which it is

18   based. If an objection is received, the Receiving Party shall not disclose to the Expert the

19   HIGHLY CONFIDENTIAL information until either the objection is withdrawn or the Court

20   enters an order overruling such objection.

21              (c)      A Party that receives a timely written objection must meet and confer with

22   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

23   agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

24   file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

25   applicable) seeking permission from the court to do so. Any such motion must describe the

26   circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

27   is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

28   additional means that might be used to reduce that risk. In addition, any such motion must be

1   accompanied by a competent declaration in which the movant describes the parties' efforts to

2   resolve the matter by agreement (i.e., the extent and the content of the meet and confer

3   discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

4   the disclosure.

5           In any such proceeding the Party opposing disclosure to the Expert shall bear the

6   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

7   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8           (d)    If a Party discloses any information or item that has been designated

9   "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" to an "Expert" (as defined in this

10  Order) after following the procedures set forth in paragraph 7.4, subdivision (a) through (c),

11  above, but determines ultimately not to designate the Expert as an expert witness or, upon

12  reasonable and proper notice to the opposing Party, de-designates the Expert as an expert witness

13  before his or her deposition is taken, the opposing Party may not communicate with, interview,

14  depose, or otherwise contact the Expert regarding his or her opinions or work performed in this

15  action, or otherwise reference at any trial in this action the Expert's work performed, in this action,

16  for the Receiving Party.

17  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
        OTHER LITIGATION**

18

19          If a Receiving Party is served with a subpoena or an order issued in other litigation that

20  would compel disclosure of any information or items designated in this action as

21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," the

22  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

23  and in no event more than three (3) court days after receiving the subpoena or order. Such

24  notification must include a copy of the subpoena or court order.

25          The Receiving Party also must immediately inform in writing the Party who caused the

26  subpoena or order to issue in the other litigation that some or all the material covered by the

27  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

28  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

1 | caused the subpoena or order to issue.

2 | The purpose of imposing these duties is to alert the interested parties to the existence of

3 | this Protective Order and to afford the Designating Party in this case an opportunity to try to

4 | protect its confidentiality interests in the court from which the subpoena or order issued. The

5 | Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

6 | confidential material – and nothing in these provisions should be construed as authorizing or

7 | encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8 | **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9 | If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10 | Material to any person or in any circumstance not authorized under this Stipulated Protective

11 | Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

12 | unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

13 | inform the person or persons to whom unauthorized disclosures were made of all the terms of this

14 | Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

15 | Be Bound" that is attached hereto as Exhibit A.

16 | **10.    FILING PROTECTED MATERIAL**

17 | Without written permission from the Designating Party or a court order secured after

18 | appropriate notice to all interested persons, a Party may not file in the public record in this action

19 | any Protected Material. A Party that seeks to file under seal any Protected Material must comply

20 | with Civil Local Rule 79-5.

21 | **11.    FINAL DISPOSITION**

22 | Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

23 | days after the final termination of this action, each Receiving Party must return all Protected

24 | Material to the Producing Party or destroy all Protected Material.  As used in this subdivision, "all

25 | Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

26 | reproducing or capturing any of the Protected Material. "Destroy" shall mean to reduce – by

27 | permanently erasing, shredding, or using other, similar means – to an unreadable, unusable form.

28 | Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

12

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING PRETRIAL HANDLING OF CONFIDENTIAL MATERIAL
Case No. C06-6634-JF (PVT)

1  written certification to the Producing Party (and, if not the same person or entity, to the

2  Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate)

3  all the Protected Material that was returned destroyed and that affirms that the Receiving Party has

4  not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

5  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

6  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

7  correspondence or attorney work product, even if such materials contain Protected Material. Any

8  such archival copies that contain or constitute Protected Material remain subject to this Protective

9  Order as set forth in Section 4 (DURATION), above.

10  **12.    MISCELLANEOUS**

11  12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

12  seek its modification by the Court in the future.

13  12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

14  Order no Party waives any right it otherwise would have to object to disclosing or producing any

15  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

16  Party waives any right to object on any ground to use in evidence of any of the material covered

17  by this Protective Order.

18  12.3    Injunctive Relief.  The Parties shall not use or reveal, directly or indirectly,

19  Protected Material in violation of this Protective Order.  The Parties stipulate that injunctive relief

20  is an appropriate remedy to prevent any person from using or disclosing Protected Material in

21  violation of this Protective Order.  In the event this Protective Order is violated or a violation is

22  threatened, the Producing or Designating Party may apply to the Court to obtain injunctive relief.

23  In the event such a motion or application is brought, the Receiving Party or other person subject to

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

13

1 | this Protective Order shall not employ, as a defense thereto, the claim that the movant possesses an

2 | adequate remedy at law. The Parties waive and release any and all requirements for a bond or

3 | undertaking to support any injunctive relief for the enforcement of this Protective Order.

4 |      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6 | Dated: May 31, 2007

SKLAR LAW OFFICES

7 | By: _____

8 |     Lori J. Sklar

9 | ZIMMERMAN, LEVI & KORSINSKY, LLP
Jean-Marc Zimmerman

10 | (Admitted Pro Hace Vice)
226 St. Paul Street

11 | Westfield, New Jersey 07090
E-mail:      jmzimmerman@zlk.com

12 | Telephone:   (908) 654-8000
Facsimile:    (908) 654-7207

13

14 | CALLAHAN, MCCUNE & WILLIS, APLC
Lee A. Sherman (SBN 172198)
Robert W. Thompson (SBN 106411)

15 | 111 Fashion Lane
Tustin, California 92780

16 | E-mail:      lee_sherman@cmwlaw.net
robert_thompson@cmwlaw.net

17 | Telephone:   (714) 730-5700
Facsimile:    (714) 730-1642

18

19 | Attorneys for Plaintiffs and the Class
BRIAN HEISLER and JEFF GOLSTEIN

20 | Dated: May 31, 2007

FISH & RICHARDSON P.C.

21

22 | By: _____
    Nancy L. Stagg

23

24 | FISH & RICHARDSON P.C.
David M. Barkan (SBN 160825)

25 | 500 Arguello Street, Suite 500
Redwood City, California 94063

26 | E-mail:      Barkan@fr.com
Telephone:   (650) 839-5065
Facsimile:    (650) 839-5071

27

28 | Attorneys for Defendant
MAXTOR CORPORATION

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING PRETRIAL HANDLING OF CONFIDENTIAL MATERIAL
Case No. C06-6634-JF (PVT)

1

## **ORDER**

2      PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4      Dated: _June 6, 2007_  _____

                                                        *Patricia V. Trumbull*

5                                                        _____
                                                        The Honorable Patricia V. Trumbull
                                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING PRETRIAL HANDLING OF CONFIDENTIAL MATERIAL
Case No. C06-6634-JF (PVT)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____

_____[*print or type full address*], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on _____

[*date*] in the case of <u>Heisler v. Maxtor Corporation</u>, Case No. C06-6634-JF (PVT). I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ [*print or type full name*] of

_____ [*print or type full address and*

*telephone number*] as my California agent for service of process in connection with this action or

any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State Where Sworn and Signed: _____

Printed Name: _____


_____
Signature

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING PRETRIAL HANDLING OF CONFIDENTIAL MATERIAL
Case No. C06-6634-JF (PVT)

**PROOF OF SERVICE**

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On June 5, 2007, I caused a copy of the following document:

**JOINT STIPULATION OF THE PARTIES AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE PRE-TRIAL HANDLING OF CONFIDENTIAL MATERIAL**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Lori J. Sklar<br>Sklar Law Offices<br>2234 Sherwood Court<br>Minnetonka, MN 55305<br>Telephone: (952) 546-1051<br>Facsimile: (952) 516-5353 | Attorney for Plaintiffs<br>Brian Heisler and Jeff Golstein |
| Jean-Marc Zimmerman, Esq.<br>Zimmerman, Levi & Korsinsky, LLP<br>226 St. Paul Street<br>Westfield, NJ 07090<br>Telephone: (908) 654-8000<br>Facsimile: (908) 654-7207 | Attorney for Plaintiffs<br>Brian Heisler and Jeff Golstein |
| Lee A. Sherman (SBN 172198)<br>Robert W. Thompson (SBN 106411)<br>Callahan, Mccune & Willis, APLC<br>111 Fashion Lane<br>Tustin, California 92780<br>Telephone: (714) 730-5700<br>Facsimile: (714) 730-1642 | Attorney for Plaintiffs<br>Brian Heisler and Jeff Golstein |

[X] **MAIL:** Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL:** Such envelope was delivered by hand to the offices of the addressee.

i

| | | |
|---|---|---|
| ☐ | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| ☐ | **ELECTRONIC MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| ☐ | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| ☐ | **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |
| ☐ | **OVERNIGHT DELIVERY:** | Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on June 5, 2007, at San Diego, California.

_____
Catherine M. Campbell

10741568.doc

JOINT STIPULATION AND PROTECTIVE ORDER GOVERNING PRETRIAL HANDLING OF CONFIDENTIAL MATERIAL
Case No. C06-6634-JF (PVT)