UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN HEISLER, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MAXTOR CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | Case No.: C 06-06634 JF (PVT)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MAXTOR'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFFS' MOTION TO COMPEL**<br><br>[Docket Nos. 71, 73] |

Plaintiffs Brian Heisler, Rob Temple, Thomas Traub and Jody Agerton move to compel the production of original documents and class list. (collectively "plaintiffs"). Defendant Maxtor Corporation moves for protective order under Rule 26, or in the alternative, for award of costs and fees for plaintiffs to conduct further discovery. ("Maxtor"). The parties oppose each other's respective motions. Pursuant to Civ. L.R. 7-1(b), the motions are taken under submission and the hearing is vacated. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that plaintiffs may inspect and copy documents responsive to their First Set of Requests for Documents and Electronically Stored Information and Second Set of Requests for Documents and Electronically Stored Information. (collectively "document

requests").[1] Defendant Maxtor shall make documents responsive to the document requests available for plaintiffs to inspect and copy.

Rule 34 requires that the producing party make available to the requesting party responsive documents for inspection and copying. Fed. R. Civ. P. 34(a)(1)(A). It does not require that the producing party make copies for the requesting party. As such, plaintiffs may bring a copy machine to the inspection location. Defendant Maxtor shall produce responsive documents for inspection and copying "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

In addition, plaintiffs' document requests are defective. Rule 34 requires that document requests "specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1)(B). No such specifications are contained in the documents requests.

The parties shall meet and confer on a mutually agreeable date and time for plaintiffs to inspect and copy the responsive documents, but in any event, no later than September 30, 2009. The parties may agree to limit inspection and copying to certain illegible documents.

IT IS FURTHER ORDERED that defendant Maxtor shall produce the contact information (including names and addresses) for consumers who have filed complaints with the company from January 1, 2004 to October 24, 2006 (the date on which above-captioned action was filed) regarding premature failures of their hard disk drives and lost data for the following product lines: (1) Maxtor One Touch I; (2) Maxtor One Touch II; (3) Maxtor One Touch III; (4) Maxtor Personal Storage 3100; and (4) Maxtor Personal Storage 3200. Consumer complaints may also include, but are not limited to, bad clusters, bad sectors, partitioning and formatting problems, and drive recognition problems. *See, e.g., Martinet v. Spherion Atlantic Enterprises, LLC,* 2008 WL 2557490*2 (S.D. Cal.)(limiting expansive scope of pre-class certification discovery requests for failure to demonstrate good cause). Indeed, plaintiffs themselves have agreed to limit the scope of their requests to complaints consistent with those made by the named plaintiffs. Reply at 9 ("Plaintiffs agreed to

---

[1] The holdings of this court are limited to the facts and particular circumstances underlying the present motions.

narrow the scope of their request to those consumers who filed complaints similar to those at issue in this action, i.e., those who have experienced data loss from Defendant's HDDs, in accordance with Defendant's parameters."). Defendant Maxtor shall produce the consumer contact information no later than August 28, 2009. Plaintiffs shall bear the costs of the third-party administrator and administering notice.

In addition, the parties shall meet and confer on a proposed precertification notice to prospective class members. The proposed notice shall be consistent with the requirements set forth in *Pioneer Electronics (USA), Inc. v. Sup. Ct.,* 40 Cal. 4th 360, 367, 150 P.3d 198, 53 Cal. Rptr. 3d 513 (2007).

IT IS SO ORDERED.

Dated: July 31, 2009

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge