UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BRIAN HEISLER, ET AL., | ) | Case No.: C 06-06634 JF (PVT) |
| | ) | |
| Plaintiffs, | ) | **ORDER MODIFYING JULY 31, 2009** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| MAXTOR CORPORATION, | ) | **[Docket Nos. 114, 125]** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On July 31, 2009, plaintiffs Brian Heisler, Rob Temple, Thomas Traub and Jody Agerton's motion to compel discovery was granted in part and denied in part. ("July 31, 2009 Order"). (collectively "plaintiffs"). Pursuant to Rule 34, defendant Maxtor Corporation was ordered to make original documents available to plaintiffs for inspection and copying at its Longmont, Colorado and Redwood City, California facilities. Defendant Maxtor had previously produced to plaintiffs .pdf versions of scanned paper originals. Plaintiffs raised certain illegibility issues regarding approximately half of the .pdf versions of the scanned paper originals.

Disputes between the parties have arisen regarding, *inter alia,* the working conditions at the Colorado warehouse, certain conduct by and among counsel and staff, an accurate accounting of the number of existing document boxes, responsibility for Bates-stamping copies sought to be

made by plaintiffs and the designation of copies of original documents made by plaintiffs. As a result, the parties filed further motions, including plaintiffs' motion to compel compliance with July 31, 2009 Order and defendant's motion for protective order and clarification of July 31, 2009 Order. On October 6, 2009, the parties appeared for hearing. Having reviewed the papers and considered the extensive arguments by counsel,

IT IS HEREBY ORDERED that the July 31, 2009 is modified as follows: (1) defendant Maxtor shall re-produce documents responsive to plaintiffs' first set of requests for production of documents no later than October 26, 2009; (2) the production of documents shall be made in paper format and copied from the archived paper originals only; (3) each page shall be Bates-stamped with appropriate designations pursuant to the stipulated protective order as modified by the court and entered on June 6, 2007 in the above-captioned action (*See* Docket No. 33); and (3) defendant Maxtor shall maintain a paper copy of all of the original documents as they are produced to plaintiffs.[1]

IT IS FURTHER ORDERED that plaintiffs' motion to compel compliance with July 31, 2009 Order and defendant Maxtor's motion for protective order and clarification of July 31, 2009 Order are denied as moot. Pursuant to Civ. L.R. 7-8(a), defendant Maxtor's motion for sanctions is denied.

IT IS FURTHER ORDERED that plaintiffs may further move to challenge improper redactions of certain electronically stored information on an expedited briefing schedule. The parties shall meet and confer on a briefing schedule and plaintiffs shall electronically file a stipulation and proposed order. Pursuant to Civ. L.R. 7-1(b), the motion will be submitted without oral argument. IT IS SO ORDERED.

Dated: October 8, 2009

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motions.